**SHALPAK v. MONAHAN, Deputy Commissioner, U. S. Employees' Compensation Commission, et al.**

**Civil Action No. 658.**

District Court, D. Rhode Island.

Jan. 27, 1947.

Leonard A. Kamaras, of Providence, R. I., for plaintiff.

George F. Troy, U. S. Atty., and Edward M. McEntee, Asst. U. S. Atty., both of Providence, R. I., for Patrick J. Monahan, Deputy Commissioner.

Thomas J. Hogan, of Providence, R. I., for George A. Fuller Co., Merritt-Chapman & Scott Corporation, and Aetna Casualty & Surety Co.

HARTIGAN, District Judge.

This matter was heard on the motion to dismiss of Patrick J. Monahan, Deputy Commissioner, United States Employees' Compensation Commission for the First Compensation District, the petition to review of John Shalpak of a compensation order filed by the Deputy Commissioner charged with the administration of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

The motion to dismiss alleges that the findings of fact of said Deputy Commissioner are supported by substantial evidence and are therefore final and conclusive as evidenced by the transcript of the hearing in said case before said Deputy Commissioner. A copy of the transcript was filed with the motion.

The claimant prays that a mandatory injunction be granted by and issued from

this court to said Deputy Commissioner directing him to set aside the findings of fact in said case. Section 921(b).

The claimant did not introduce any oral evidence at the hearing before me and counsel for the plaintiff merely argued that the Deputy Commissioner erroneously decided the case.

Counsel for claimant was granted leave to file a brief in support of his argument and has failed to do so.

At the hearing before the Deputy Commissioner on April 2, 1946, the claimant and his witnesses gave very conflicting testimony as to the date of his alleged injury.

The Deputy Commissioner gave the claimant at the conclusion of the hearing on April 2, 1946, further time to produce evidence in support of his claim and on April 17, 1946, heard more evidence produced by the claimant.

The Deputy Commissioner on May 22, 1946, made the following findings of fact:

"That during the month of October, 1945, the claimant above named was in the employ of the employer above named at Davisville in the State of Rhode Island in the First Compensation District established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act;

"That the liability of the employer for compensation under said Act was insured by the Aetna Casualty & Surety Company;

"That during said month of October, 1945, the claimant was working for the employer as a longshoreman loading and unloading steamships in the Port of Davisville, Rhode Island, but did not sustain any injury to his right hand while so employed during said month of October, 1945, as alleged by him;

"That the comminuted fracture of the head of the right fifth metacarpal bone which the claimant has was not the result of an injury sustained in the course and arising out of his employment;

"Upon the foregoing facts it is ordered by the Deputy Commissioner that the claim for compensation be and it hereby is Rejected for the reason that the claimant did not sustain any injury to his right hand in October, 1945, as alleged by him."

The Deputy Commissioner had the advantage of seeing the witnesses and judging their credibility.

It is my opinion that the findings of fact as made by the Deputy Commissioner are supported by the evidence and that there is nothing in the record, which I have examined with care, that warrants the court in not giving effect to the Deputy Commissioner's compensation order rejection of claim.

In Norton v. Warner Co., 321 U. S. 565, 568, 64 S.Ct. 747, 749, 88 L.Ed. 430, the court said:

"Sec. 19(a) of the Act gives the Deputy Commissioner 'full power and authority to hear and determine all questions in respect of' claims for compensation. And § 21(b) gives the federal district courts power to suspend or set aside, in whole or in part, compensation orders if 'not in accordance with law'. In considering those provisions of the Act in the Bassett case [South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732] we held that the District Court was not warranted in setting aside such an order because the court would weigh or appraise the evidence differently. The duty of the District Court, we said, was to give the award effect, 'if there was evidence to support it.' 309 U.S. at page 258, 60 S.Ct. at page 548, 84 L.Ed. 732. And we stated that the findings of the Deputy Commissioner were conclusive even though the evidence permitted conflicting inferences. 309 U.S. page 260, 60 S.Ct. page 549. And see Parker v. Motor Boat Sales, Inc., 314 U.S. 244, 246, 62 S.Ct. 221, 223, 86 L.Ed. 184. This statement of the finality to be accorded findings of the Deputy Commissioner under the Act was not new. It had been stated in substantially similar terms in Voehl v. Indemnity Insurance Co., 288 U.S. 162, 166, 53 S.Ct. 380, 381, 77 L.Ed. 676, 87 A.L.R. 245, and in Del Vecchio v. Bowers, 296 U. S. 280, 287, 56 S.Ct. 190, 193, 80 L.Ed. 229. The rule fashioned by these cases followed the design of the Act of encouraging prompt and expeditious adjudication of claims arising under it. By giving a large degree of finality to administrative determinations contests and delays, which employees could ill afford and which might deprive the Act of much of its bene-

ficent effect, were discouraged. Thus it is that the judicial review conferred by § 21 (b) does not give authority to the courts to set aside awards because they are deemed to be against the weight of the evidence. More is required. The error must be one of law, such as the misconstruction of a term of the Act."

The petition to review is, accordingly, denied and dismissed.